646    APPELLATE COURTS OF ILLINOIS.

American Bonding Co. of Baltimore v. Reid, 168 Ill. App. 646.

## The American Bonding Company of Baltimore, Appellant, v. George W. Reid, Administrator, Appellee.

ADMINISTRATION OF ESTATES—*effect of order removing executor and ordering payment over of funds.* If such executor at the time of the entry of such order is in court, neither he nor his surety can collaterally attack the same. His remedy, or the remedy of his surety to question such an order, is by appeal.

Appeal from the Circuit Court of McDonough county; the Hon. HARRY M. WAGGONER, Judge, presiding. Heard in this court at the October term, 1911. Affirmed. Opinion filed March 15, 1912. *Certiorari* denied by Supreme Court (making opinion final).

ELTING & HAINLINE, for appellant.

J. ROSS MICKEY and GEORGE D. TUNNICLIFF, for appellee.

MR. JUSTICE PUTERBAUGH delivered the opinion of the court.

This is an appeal from an order of the Circuit Court dismissing the petition of the American Bonding Co. filed in the County Court in the matter of the estate of Sarah C. Hunter, deceased. The averments of said petition, briefly stated, are that Sarah C. Hunter died March 16, 1905, leaving a last will, by which she bequeathed to Susan Venable the sum of $500.to be paid to her in cash within twelve months after the death of the testatrix, of which sum she was to enjoy the income during her life; that she devised and bequeathed to Delia Dixon a house and lot in Macomb, and the remainder of her personal estate, with the exception of sundry household goods which were bequeathed to various other persons; that said will provided that the property devised and bequeathed to said Delia Dixon should be held in trust by R. B. Anderson, who was named as executor of said will, until the said Delia Dixon had attained her majority, until

which time the said Anderson was directed to use the net proceeds thereof and such part of the principal as he might deem wise, in caring for and educating the said Delia Dixon; that on May 3, 1906, Anderson duly qualified as such executor, and gave bond as such, with the petitioner the American Bonding Company as surety thereon; that Anderson thereupon took possession as trustee of all of said estate except the bequest to Susan Venable and the certain household goods bequeathed to others; that during said time he collected and received from said assets $2,536.97, and paid claims allowed amounting to $797.81, leaving a balance in his hands of $1,739.16, and thereafter held the same until December 5, 1908, when in answer to a citation issued upon the petition of Delia Dixon and Susan Venable, he filed a report as executor in which, in addition to the proceeds of the personal estate received and collected by him, he erroneously charged himself with $256.50, being rents collected from the real estate, and in addition to the amount of claims paid by him erroneously credited himself with taxes on the real estate, $103.10, repairs on real estate $213.54, income on legacy of $500 paid to Susan Venable, $37.50, the sum of $500 paid for board and care of Delia Dixon, and in addition thereto the sum of $137 as his compensation as executor, leaving a balance in his hands of $1,033.45; that objections were filed to said report by Delia Dixon and Susan Venable; that upon the hearing of said objections, said executor being present in person and the objectors by their attorneys, the court found that said executor had mismanaged said estate; that he claimed to have loaned the sum of $1,000 of the assets thereof but failed to advise the court to whom the same was loaned; that he should account for said sum as money on hand; that because of his mismanagement he was not entitled to compensation as executor, and ordered that the objections to said report be sustained and that said exec-

utor account for said sums of $1,000 and $167; that said executor having stated in open court that he was unable to account for said sums, he be removed as such executor; that one Sexton be appointed as administrator *de bonis non* of said estate, and that said Sexton should proceed to collect from said former executor and his bondsmen said sums of money. Said petition also avers that on November 18, 1910, said Susan Venable and Delia Dixon Commans filed another petition which set up that some question had arisen as to the legality of the order of May 1, 1909, removing said Anderson as executor and appointing an administrator *de bonis non;* that the petitioners desired that said Anderson be again cited into court as such executor and ordered to pay to the petitioners as legatees, or to an administrator *de bonis non* to be appointed by the court, the sum of $1,167 remaining in his hands, and to show cause why he should not be removed as such executor on account of his being guilty of a *devastavit* of said estate. Said petition further avers that pursuant to such petition, a citation was issued directed to the sheriff of Will county, Illinois, ordering Anderson to appear in response thereto on December 5, 1910; that he failed to appear on said day and was defaulted; that an order was thereupon entered finding that he was guilty of a *devastavit* removing him as such executor, and appointing the present administrator *de bonis non* to complete the administration. Said petition still further avers that said default and order of December 5, 1910, were void and prejudicial to the petitioner, and should be vacated, for the reason that the court did not have jurisdiction of the said Anderson, either as trustee or executor, or of said trust property, at the time the same were entered; that the record fails to show that any legal order was ever made requiring said Anderson as executor to pay over any money to the distributees under said will, nor that he had failed or refused to pay over the same under such an order

within thirty days after demand, nor that any demand had ever been made upon him to do so, nor that any attachment had been issued for him to the sheriff of Will county where he resided or might be found, as required by law; that he was therefore never legally removed in either capacity, but was still trustee and executor under said will; that the petitioner was liable upon his bond for his acts as such executor, but not for his aforesaid acts as trustee; that said Anderson has charged himself as executor with moneys with which he should have charged himself as trustee; that said orders and each of them should be vacated, said estate opened up, and the petitioner permitted to have said account corrected according to law and the facts; that said report of January 29, 1909, has never been approved by the court, nor said executor legally discharged; that said estate is still open; that said orders upon objections to said report, and the findings thereon are not final, but are interlocutory only, and are prejudicial to the interests of the petitioner and should be vacated. The petition prays that said Delia Dixon Commans, Susan Venable and George W. Reid, the acting administrator *de bonis non,* be required to answer the same; that the orders in question be declared void; that said petition be treated as objections to said report; that said default be vacated; that the petitioner be permitted to protect its interests, and that the court shall determine the true condition of said estate and trust fund.

The petition was dismissed by the County Court upon motion of the defendants thereto, and judgment was entered against the petitioner for costs, whereupon the petitioner appealed to the Circuit Court, where a like order was entered.

We deem it unnecessary to discuss or determine the propriety of the proceedings in the County Court under the second citation, for the reason that the order and judgment of said court rendered on May 1, 1909,

was final and conclusive in its nature, and the remedy of any one prejudiced or aggrieved thereby was by an appeal to the Circuit Court as provided by section 123 of the statute relating to county courts. The subsequent citation and proceedings thereunder are therefore immaterial and may properly be entirely disregarded. There can be no question that the County Court had full and complete jurisdiction over the subject-matter, as well as the person of Anderson; that both he and the Bonding Company as surety, although not a party to such proceedings, were concluded and bound thereby, and if dissatisfied therewith should have prosecuted an appeal from the orders then entered. Ralston v. Wood, 15 Ill. 160. Anderson having been present in open court at the time of his removal and the entry of the order upon him to pay over the funds in his hands, neither he nor his surety can complain that the court did not proceed in the formal manner prescribed by the statute, by first attaching him for contempt. The law does not require the performance of an idle act. The disapproval of the report and the order to turn over the money found to be in his hands, to his successor, had the effect of closing the estate so far as Anderson and his surety were concerned, notwithstanding the estate was not fully administered, and after the lapse of the then present term could not be reviewed or modified except for fraud or mistake of fact. No such fraud or mistake here appears. Mere irregularities in such proceedings can only be urged in a direct proceeding for reversal by appeal.

We are of opinion that the order of the County Court entered December 5, 1908, finding that Anderson had in his hands as executor the sum of $1,167 and ordering him to pay the same to Sexton, the administrator *de bonis non,* was a final and binding order, not subject to review except by appeal as provided by the statute. The issues thus determined by

the court are therefore *res adjudicata*.   There being no fraud or collusion charged, the petitioner, as surety upon the bond of Anderson as executor, is bound and concluded by such order and judgment.

For the foregoing reasons the petition of the Bonding Company was properly dismissed, and the judgment of the Circuit Court is affirmed.

*Affirmed.*